06 CV 15359

SOL:SLD:SR
(06)06029

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ELAINE L. CHAO, Secretary of Labor,                    :
United States Department of Labor,

                Plaintiff            Civil Action File

DEC 2 1 2006

          v.                  No.

            U.S.D.C. S.: N.Y.

RICHARD HAIK; MITCHELL OSTROVER; CASHIERS    COMPLAINT
AMERICAN FABRICS COMPANY; BEVERLY    :
TRIMMING COMPANY; and the AMERICAN
FABRICS COMPANY 401(k) SAVINGS PLAN,    :

                Defendants.    :
-----------------------------------------------------------------

Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor, alleges:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to ERISA §
502(e)(1), 29 U.S.C. § 1132(e)(1).

2.      This action arises under Title I of the Employee Retirement Income Security Act of
1974 (hereafter referred to as "ERISA" or "the Act"), 29 U.S.C. §§ 1001 et seq., as amended, and is
brought by the Secretary of Labor under ERISA §§ 502(a)(2) and (5) to obtain relief for breaches of
fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and enjoin acts and practices which violate the
provisions of Title I of ERISA. The Secretary also seeks to obtain other appropriate equitable and
injunctive relief in order to redress violations and enforce the provisions of that Title.

3.      Venue with respect to this action lies in the Southern District of New York pursuant
to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**PARTIES**

4.      The Secretary, pursuant to §§ 502(a)(2) and (5) of the Act, 29 U.S.C. §§ 1132(a)(2) and (5), has authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and other parties who are in violation of ERISA.

5.      Defendant American Fabrics Company 401(k) Savings Plan ("the Plan") is an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2).

6.      The Plan is named as a defendant solely to assure that the Court can order complete relief pursuant to F.R.Civ.P. 19.

7.      Defendant American Fabrics Company ("American Fabrics") was at all times relevant to this action employing employees covered by the Plan, and accordingly is a party in interest under ERISA § 3(14)(C) , 29 U.S.C. § 1002(14)(C).

8.      Defendant Beverly Trimming Company ("Beverly Trimming") was at all times relevant to this action employing employees covered by the Plan, and accordingly is a party in interest under ERISA § 3(14)(C) , 29 U.S.C. § 1002(14)(C).

9.      Defendant  Richard Haik ("Haik") is a fiduciary with respect to the Plan, because, at all times relevant to this action, he exercised discretionary authority or discretionary control respecting the management of the Plan or exercised authority or control respecting the management or the disposition of the assets of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

10.      Defendant Mitchell Ostrover ("Ostrover") is a fiduciary with respect to the Plan, because, at all times relevant to this action, he exercised discretionary authority or discretionary control respecting the management of the Plan or exercised authority or control respecting the

management or the disposition of the assets of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

## FACTUAL ALLEGATIONS

11.     Under the terms of the Plan, defendant American Fabrics was obligated to forward to the Plan employee contributions that were withheld from wages at their direction.

12.     Under the terms of the Plan, defendant Beverly Trimming was obligated to forward to the Plan employee contributions that were withheld from wages at their direction.

13.     During the period from January 2002 through December 2003, defendants American Fabrics and Beverly Trimming failed to forward many employee contributions to the Plan.

14.     At all times relevant to this matter, defendant Haik failed to take reasonable steps to collect the contributions due the Plan from American Fabrics.

15.     At all times relevant to this matter, defendant Haik failed to take reasonable steps to collect the contributions due the Plan from Beverly Trimming.

16.     At all times relevant to this matter, defendant Ostrover failed to take reasonable steps to collect the contributions due the Plan from American Fabrics.

17.     At all times relevant to this matter, defendant Ostrover failed to take reasonable steps to collect the contributions due the Plan from Beverly Trimming.

## ERISA VIOLATIONS

18.     By the conduct described in paragraphs 11-15, defendant Haik:

(a)     failed to discharge his fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants of the Plan and their beneficiaries and defraying reasonable expenses of

administering the Plan, in violation of ERISA § 404(a)(1)(A)(i), 29 U.S.C. § 1104(a)(1)(A)(i);

(b)      failed to discharge his fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

(c)      caused the Plan to engage in transactions which he knew or should have known constituted direct or indirect transfers of assets of the Plan to, or use of assets of the Plan by, or for the benefit of, parties in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

19.      By the conduct described in paragraphs 11-13 and 16-17, defendant Ostrover:

(a)      failed to discharge his fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants of the Plan and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A)(i), 29 U.S.C. § 1104(a)(1)(A)(i);

(b)      failed to discharge his fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

(c)      caused the Plan to engage in transactions which he knew or should have known constituted direct or indirect transfers of assets of the Plan to, or use of assets of the Plan by,

4

or for the benefit of, parties in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

20.    By the conduct described in paragraphs 11 and 13, defendant American Fabrics engaged in transactions which it knew or should have known constituted direct or indirect transfers of assets of the Plan to, or use of assets of the Plan by, for the benefit of, a party in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

21.    By the conduct described in paragraphs 12 and 13, defendant Beverly Trimming engaged in transactions which it knew or should have known constituted direct or indirect transfers of assets of the Plan to, or use of assets of the Plan by, for the benefit of, a party in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

22.    By knowingly participating in the above described acts and omissions of their co-fiduciaries, knowing such acts and omissions to be breaches of fiduciary duty, defendants Haik and Ostrover are liable for the breaches of their co-fiduciaries pursuant to ERISA § 405(a)(1), 29 U.S.C. § 1105(a)(1).

23.    By failing to discharge their fiduciary duties in compliance with ERISA § 404(a)(1) in the administration of the specific responsibilities which gave rise to their status as fiduciaries of the Plan, defendants Haik and Ostrover enabled each other to commit the above described fiduciary breaches, and are thus liable for those breaches of fiduciary duty committed by their co-fiduciaries pursuant to ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2).

24.    By failing to make reasonable efforts under the circumstances to remedy the above described breaches of fiduciary duty by their co-fiduciaries despite having knowledge of such fiduciary breaches, defendants Haik and Ostrover are liable for those breaches of fiduciary

responsibility committed by their co-fiduciaries pursuant to ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, the Secretary of Labor prays that this Court:

1.      Order defendants Haik and Ostrover to restore to the Plan all losses attributable to their fiduciary breaches plus interest;

2.      Order the removal of defendants Haik and Ostrover as fiduciaries to the Plan;

3.      Order defendant American Fabrics to correct the prohibited transaction in which it participated with the Plan;

4.      Order defendant Beverly Trimming to correct the prohibited transaction in which it participated with the Plan;

5.      Order the appointment of an independent fiduciary over the Plan;

6.      Permanently enjoin defendants Haik and Ostrover from serving as fiduciaries or service providers to any employee benefit plan covered by the provisions of ERISA;

7.      Order the forfeiture of defendant Haik's and defendant Ostrover's account balances to the Plan pursuant to ERISA § 206(d)(4), 29 U.S.C. § 1056(d)(4); and

8.    Provide such further relief as is just and equitable.

DATED:    December 21, 2006
          New York, New York

                              /s/ Howard M. Radzely
                              HOWARD M. RADZELY
                              Solicitor of Labor

                              /s/ Patricia M. Rodenhausen
                              PATRICIA M. RODENHAUSEN
                              Regional Solicitor

                              /s/ Suzanne L. Demitrio
                              SUZANNE L. DEMITRIO
                              Attorney
                              SD (4071)

                              U.S. Department of Labor,
                              Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
Office of the Solicitor
201 Varick Street, Room 983
New York, New York 10014
Tel. (212) 337-2584